IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **RUBEN B. PRUITT, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** _____ |
| | ) | |
| **CITY OF FRANKLIN, TENNESSEE** | ) | **Judge** _____ |
| | ) | |
| **Defendant.** | ) | **Magistrate Judge** _____ |
| | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT

Comes now Plaintiff, **RUBEN B. PRUITT, JR.,** ("Plaintiff") by and through counsel, and for his cause of action against the Defendant, **CITY OF FRANKLIN,** ("Defendant" or "City") states the following:

1.     Plaintiff was a Solid Waste Driver/Operator for the Defendant's Solid Waste Department. Plaintiff was and remains a resident of Williamson County, Tennessee.

2.     Upon information and belief, Defendant operates and controls a department within its governmental structure known as the Solid Waste Department which is charged with the pick up and disposal of solid waste from the citizens of Franklin, Tennessee. Plaintiff, at all times material hereto, was assigned to the Solid Waste Department of the City of Franklin, Tennessee.

3.     The daily operation of this Department was governed by the Defendant's Charter and all applicable City of Franklin Human Resources Manuals and Employee Handbooks.

## JURISDICTION AND VENUE

4.     This Court has exclusive jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because there is a common nucleus of operative facts between state and federal law claims.

5.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

## GENERAL FACTUAL ALLEGATIONS

6.     Plaintiff was promoted by Defendant to the Solid Waste Department on or about May 16, 2008.

7.     Plaintiff's job responsibilities as a Solid Waste Driver/Operator were to operate Defendant's equipment for the pick-up and disposal of solid waste within the community.

8.     Plaintiff operated one (1) particular piece of equipment, a garbage truck, in different areas of Franklin to collect waste. Plaintiff would normally operate this truck with a partner.

9.     On or about June 21, 2010, Plaintiff was assigned a partner that Plaintiff had not previously worked with, for Plaintiff's waste pick up route.

10.     While on their assigned route, Plaintiff and this partner exited the vehicle as they normally would in the course of their duties. Both Plaintiff and partner exited the vehicle in a residential area. Without warning, Plaintiff's partner flew into a fit of violence which included beating the side of the Defendant's waste truck with a pitchfork and throwing pieces of the tool into a nearby yard. The partner's raging behavior was dangerous and threatening to Plaintiff and nearby residents as well as in violation of Defendant's codes, policies and procedures.

11.     Plaintiff reported this incident to City officials and supervisors. Plaintiff's report was that the Defendant currently had an employee that posed a significant threat of harm to co-employees and citizens in the community which would open the Defendant up to liability for any injuries caused by this partner. In addition, Plaintiff's report made clear that this individual could potentially cause continuous damage to City equipment. Defendant was thereby on notice that it had been maintaining a dangerous condition which posed the threat of significant bodily injury to others. This was a matter of public concern.

12.     In response to Plaintiff's report, Defendant initiated disciplinary action against Plaintiff accusing him of making false or malicious statements about his partner that could potentially harm or destroy the reputation of this partner in violation of Article XV Section C of the City of Franklin Human Resources Manual.

13.     Defendant terminated Plaintiff's employment July 15, 2010. Plaintiff's termination was motivated by his report of the violent conduct of his partner.

## COUNT I
## 42 U.S.C. SECTION 1983

14.     Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

15.     At all times material to this Complaint, Plaintiff was subject to procedural due process protection pursuant to the Fourteenth Amendment to the United States Constitution.

16.     Defendant promulgated and fostered rules and understandings through its documents and course of conduct, in addition to the laws of the State of Tennessee, which created in Plaintiff a legitimate claim of entitlement to continued employment without retaliation for exercising his First Amendment Right.

17.     In violation of 42 U.S.C. Section 1983, Defendant deprived Plaintiff of rights that are guaranteed to him by the United States Constitution, the laws of the State of Tennessee, and the rules and regulations of Defendant.

18.     Plaintiff is entitled to due process pursuant to the Fourteenth Amendment to the United States Constitution.

19.     The involvement of the City through its officials and employees provides the state action that is essential for Plaintiff to bring an action pursuant to 42 U.S.C. Section 1983.

20.     Defendant, by and through its officials and employees, violated Plaintiff's rights by terminating his employment in direct contravention of his rights to report workplace violence and the existence of a dangerous employee pursuant to the laws of the State of Tennessee. Plaintiff's substantive due process rights were violated because of the reckless and shocking manner in which he was terminated.

21.     As a result of Plaintiff being deprived of his procedural and substantive due process rights, Plaintiff has suffered irreparable damage to his reputation, suffered tremendous financial loss, and endured tremendous emotional distress as a direct and proximate result of the Defendant's wrongdoing.

## COUNT II
### 42 U.S.C. SECTION 1988

22.     Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

23.     Plaintiff is entitled to his attorneys' fees and expenses for Defendant's violations of his right to due process. As a result of Defendant's violations of 42 U.S.C. Sections 1983 and 1985, Plaintiff is entitled to recover all such fees and expenses.

## COUNT III
## VIOLATIONS OF PLAINTIFF'S FIRST AND
## FOURTEENTH AMENDMENT RIGHTS

24.     Plaintiff was engaged in protected speech relating to his complaints to City officials regarding the violent actions of another City employee.

25.     Plaintiff's speech touched upon a matter of public concern.

26.     Plaintiff was engaged in a protected activity; Defendants were aware of the protected activity; and Plaintiff's engagement in the protected activity was the motivating factor in his termination.

## COUNT IV
## WRONGFUL DISCHARGE

27.     Plaintiff adopts and incorporates in this Count all of the averments of this Complaint.

28.     Plaintiff was entitled to statutory and contractual protections in the event that he was subjected to the employer's termination procedures.

29.     Defendant, by its actions, circumvented the Plaintiff's rights and wrongfully discharged him from employment.

30.     Additionally, Plaintiff was terminated as a direct result of him reporting a fellow employee. This termination violates the statutory laws, common law, and public policy of the state of Tennessee and constitutes an unlawful termination.

31.     Plaintiff has suffered irreparable damage to his reputation, tremendous financial injury, and emotional and physical distress as a direct and proximate result of the Defendant's wrongdoing.

WHEREFORE, Plaintiff seeks:

a.      For a jury to be empanelled to try this cause.

b.      For compensatory damages for front pay, back pay, emotional and physical distress, including embarrassment and humiliation and harm to his personal and professional reputation;

c.      Punitive damages;

d.      All other financial consequences of Defendants' wrongful conduct;

e.      Prejudgment interest;

f.      Attorneys' fees and expenses; and

g.      All other relief which this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted;

**KELLY, KELLY & ALLMAN**

/s/ Andy L. Allman
Andy L. Allman, BPR. No. 17857
629 East Main Street
Hendersonville, Tennessee 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674
andylallman@comcast.net

*Attorney for Plaintiff, Ruben B. Pruitt, Jr.*