IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUBEN B. PRUITT, JR. | ) |
| | ) |
| v. | ) NO. 3-11-0673 |
| | ) JUDGE CAMPBELL |
| CITY OF FRANKLIN, TN | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 21). For the reasons stated herein, Defendant's Motion is granted, and this action is DISMISSED.

FACTS

Plaintiff sued his former employer, Defendant City of Franklin, for alleged violation of his due process rights (procedural and substantive), violation of his First Amendment rights to free speech, and wrongful discharge pursuant to state law. Docket No. 1. Plaintiff alleges that he was wrongfully terminated from his job as a Solid Waste Driver/Operator for Defendant's Solid Waste Department.

Plaintiff contends that on or about June 21, 2010, while on his assigned route for pickup, his partner for the day, Mr. Allocco, without warning, flew into a fit of violence which included beating the side of the truck with a pitchfork and throwing pieces of the tool into a nearby yard. Plaintiff asserts that the partner's raging behavior was dangerous and threatening. Plaintiff alleges that he reported this incident to Defendant's officials and supervisors. Plaintiff alleges that Defendant accused him of making a false and malicious statement about his partner in violation of the City of Franklin's Human Resources Manual and terminated his employment on July 15, 2010, because of Plaintiff's allegedly false report.

Defendant has filed for summary judgment, contending that Plaintiff's civil rights claims must be dismissed because Plaintiff failed to allege and cannot prove a custom, policy or practice of the City which proximately caused his alleged injury. Defendant also asserts that Plaintiff cannot establish a *prima facie* case for First Amendment retaliation and that Defendant is immune from any wrongful discharge claims under state law.

Plaintiff has conceded his due process and wrongful discharge claims. Docket No. 33. Therefore, the only remaining claim is Plaintiff's claim for retaliation in violation of his First Amendment rights to free speech.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence

2

has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FIRST AMENDMENT RETALIATION

To determine whether Defendant violated the First Amendment by firing Plaintiff, the Court must first ascertain whether the relevant speech, Plaintiff's complaints about Mr. Allocco, addressed a matter of public concern. *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 180 (6th Cir. 2008). Whether the speech at issue involves a matter of public concern is a question of law, and the Court must assess the content, form, and context of the statement, as revealed by the whole record. *Id.* Matters of public concern include speech that relates to a matter of political, social or other concern to the community. *McMillion v. Metropolitan Gov't of Nashville and Davidson County*, 799 F.Supp.2d 821, 826 (M.D. Tenn. 2011). Such speech includes informing the public that a governmental entity failed to discharge its governmental responsibilities or bringing to light actual or potential wrongdoing or breach of the public trust. *Id.* Thus, internal personnel disputes or complaints do not touch upon a matter of public concern. *Id.*

The Court finds that Plaintiff's complaints about Mr. Allocco were not matters of public concern. The content, form and context of Plaintiff's complaints to his supervisors about the conduct of a co-worker show that the point of the speech was to address a personnel matter with regard to internal matters of the department. Plaintiff's speech addressed Plaintiff's personal concerns about the behavior of another employee.

Moreover, the Court finds that Plaintiff's speech was made pursuant to his official responsibilities, within the duties of employment. The First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities. *McMillion*, 799 F.Supp.2d at 826 (citing *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006)). In other words, when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes. *Weisbarth v. Geauga Park District*, 499 F.3d 538, 542 (6th Cir. 2007).

For these reasons, the Court need not address the additional requirements for a First Amendment retaliation claim. Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's remaining First Amendment claim is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE